# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY ROWE, | ) |
| Plaintiff, | ) |
| vs. | ) CIVIL ACTION NO.: 2:09-cv-01198 |
| LIFESOUTH COMMUNITY BLOOD CENTERS, | ) |
| Defendant. | ) |

### DEFENDANT LIFESOUTH COMMUNITY BLOOD CENTER'S
### ANSWER AND AFFIRMATIVE DEFENSES

Defendant LifeSouth Community Blood Centers ("LifeSouth"), pursuant to Federal Rules of Civil Procedure, Rules 7 and 12, answers Plaintiff Tiffany Rowe's ("Plaintiff") Complaint and asserts the following Affirmative Defenses.

**I.   JURISDICTION**

1. LifeSouth admits Plaintiff brings this action under the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201 *et. seq.*, but denies it engaged in any unlawful conduct toward Plaintiff or took any action against Plaintiff that violated the FLSA.

**II.   PARTIES**

2. LifeSouth admits Plaintiff was employed by LifeSouth and Plaintiff worked for LifeSouth in counties in the Northern District of Alabama. LifeSouth is without sufficient information to admit or deny the remaining allegations in Paragraph No. 2 of the Complaint and therefore denies the remaining allegations in Paragraph No. 2 of the Complaint.

3. LifeSouth admits it is registered to do business in the State of Alabama and is a company doing business in Homewood, Jefferson County, Alabama. LifeSouth denies the remaining allegations in Paragraph No. 3 of the Complaint.

## III. STATEMENT OF FACTS

4. LifeSouth adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1-3 of the Complaint.

5. LifeSouth admits the allegations in Paragraph No. 5 of the Complaint.

6. LifeSouth denies the allegations in Paragraph No. 6 of the Complaint.

7. LifeSouth admits Plaintiff's job duties included driving a vehicle, providing customer service and providing work direction to other employees. LifeSouth denies the remaining allegations of Paragraph No. 7 of the Complaint.

8. LifeSouth denies the allegations in Paragraph No. 8 of the Complaint.

9. LifeSouth denies the allegations of Paragraph No. 9 of the Complaint.

10. LifeSouth admits Plaintiff was paid overtime for the hours she worked in excess of forty (40) hours a week at 1.5 times her regular hourly rate of pay when she was classified as a non-exempt employee. LifeSouth denies the remaining allegations of Paragraph No. 10 of the Complaint.

11. LifeSouth denies the allegations of Paragraph No. 11 of the Complaint.

12. LifeSouth denies the allegations of Paragraph No. 12 of the Complaint.

13. LifeSouth admits Plaintiff worked approximately forty (40) hours per week as an exempt and non-exempt employee. LifeSouth denies the remaining allegations of Paragraph No. 13 of the Complaint.

14. LifeSouth denies the allegations of Paragraph No. 14 of the Complaint.

**IV.     COUNT ONE – FLSA – OVERTIME VIOLATIONS**

15.     LifeSouth adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1-14 of the Complaint.

16.     LifeSouth admits, as an exempt employee, Plaintiff is not eligible to receive overtime pay for hours worked in excess of forty (40) in a workweek.  LifeSouth denies the remaining allegations of Paragraph No. 16 of the Complaint.

17.     LifeSouth denies the allegations of Paragraph No. 17 of the Complaint.

18.     LifeSouth denies the allegations of Paragraph No. 18 of the Complaint.

**V.      COUNT TWO – FLSA – 29C.F.R. § 785.19**

19.     LifeSouth adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1-18 of the Complaint.

20.     LifeSouth denies the allegations of Paragraph No. 20 of the Complaint.

21.     LifeSouth denies the allegations of Paragraph No. 21 of the Complaint.

22.     LifeSouth denies the allegations of Paragraph No. 22 of the Complaint.

23.     LifeSouth denies the allegations of Paragraph No. 23 of the Complaint.

24.     LifeSouth denies the allegations of Paragraph No. 24 of the Complaint.

25.     LifeSouth denies the allegations of Paragraph No. 25 of the Complaint.

**VI.     COUNT THREE – FLSA – 29 C.F.R.§ 785.48(b)**

26.     LifeSouth adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1-25 of the Complaint.

27.     LifeSouth denies the allegations of Paragraph No. 27 of the Complaint.

28.     LifeSouth denies the allegations of Paragraph No. 28 of the Complaint.

**VII.    COUNT FOUR – Opt-In Collective Action**

29. LifeSouth adopts and reasserts as though fully set forth its responses to Paragraph Nos. 1-28 of the Complaint.

30. LifeSouth admits Plaintiff brings this action as an opt-in collective action pursuant to the FLSA, but denies it engaged in any unlawful conduct toward Plaintiff or took any action against Plaintiff that violated the FLSA. Lifesouth further denies the putative members of the opt-in collective action are similarly situated.

31. LifeSouth admits Plaintiff brings this suit as a opt-in collective action comprised of any and all persons employed as hourly employees by Defendant at any time during the three (3) years preceding the filing of this Complaint, but denies it engaged in any unlawful conduct toward Plaintiff or any other employees or took any action against Plaintiff or any other employees that violated the FLSA. Lifesouth further denies the putative members of the opt-in collective action are similarly situated.

32. LifeSouth denies the allegations of Paragraph No. 32 of the Complaint.

33. LifeSouth denies the allegations of Paragraph No. 33 of the Complaint.

34. LifeSouth denies the allegations of Paragraph No. 34 of the Complaint.

35. LifeSouth denies the allegations of Paragraph No. 35 of the Complaint.

36. LifeSouth denies the allegations of Paragraph No. 36 of the Complaint.

**VIII.    PRAYER FOR RELIEF**

LifeSouth denies it is liable to Plaintiff for any wrongdoing or that Plaintiff is entitled to any of the relief requested in Paragraphs A-E in the Plaintiff's Prayer for Relief of the Complaint and respectfully requests this Honorable Court enter judgment in favor of LifeSouth, dismiss Plaintiff's claims against LifeSouth with prejudice, and tax all Court costs against Plaintiff.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

LifeSouth denies all allegations of Plaintiff's Complaint not explicitly admitted in this Answer and demands strict proof of this allegation.

### SECOND DEFENSE

Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of *res judicata* and collateral estoppel.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH DEFENSE

LifeSouth did not engage in willful conduct and thus the two (2) year statute of limitations under the FLSA should apply.

### SIXTH DEFENSE

LifeSouth acted in good faith to comply with the FLSA.

### SEVENTH DEFENSE

LifeSouth affirmatively pleads the exemptions to the minimum wage and maximum hour requirements as set forth in 29 U.S.C. § 213.

### EIGHTH DEFENSE

Plaintiff's claims are barred by the executive exemption to the FLSA.

## NINTH DEFENSE

The FLSA does not apply to LifeSouth to the extent LifeSouth's annual dollar value is less than $500,000.00.

## TENTH DEFENSE

Plaintiff is exempted from overtime compensation pursuant to 29 C.F.R. § 541.200.

## ELEVENTH DEFENSE

LifeSouth had reasonable grounds for believing its acts or omissions were not in violation of the FLSA.

## TWELFTH DEFENSE

To the extent Plaintiff claims she was terminated in retaliation for complaining of an FLSA violation, LifeSouth denies this allegation and avers it took all actions with regard to Plaintiff based on legitimate, non-retaliatory reasons.

## THIRTEENTH DEFENSE

Plaintiff's damages are *de minimus*.

## FOURTEENTH DEFENSE

Plaintiff cannot bring a collective action under the FLSA because the Plaintiff and the putative members of the collective action are not similarly situated.

## FIFTHTEENTH DEFENSE

LifeSouth pleads the defense of after-acquired evidence, to the extent it may apply.

## SIXTEENTH DEFENSE

LifeSouth pleads the defense of unclean hands.

## SEVENTEENTH DEFENSE

Plaintiff has failed to mitigate her damages. Alternatively, if Plaintiff did mitigate her alleged damages, LifeSouth is entitled to an offset.

## EIGHTEENTH DEFENSE

Any damages incurred by Plaintiff were proximately caused by third parties over whom LifeSouth had no control.

## NINETEENTH DEFENSE

Plaintiff's damages are the result of a superseding and intervening cause.

## TWENTIETH DEFENSE

Any damages claims by Plaintiff in this action resulted from acts, omissions, or events other than any alleged acts or omissions of LifeSouth.

## TWENTY-FIRST DEFENSE

LifeSouth reserves the right to amend its Answer to Plaintiff's Complaint to raise any claims or additional defenses that may become available during the pendency of this litigation.

Date: July 7, 2009.

                                        Respectfully submitted,

                            By:    s/ ***Taffi S. Stewart*_____
                                      E. Britton Monroe (MON032)
                                      Taffi S. Stewart (SMI171)
                                      Rachel E. VanNortwick (VAN040)
                                      Attorneys for Defendant,
                                      LifeSouth Community Blood Centers

**OF COUNSEL:**
LLOYD, GRAY & WHITEHEAD, P.C.
2501 20th Place South, Suite 300
Birmingham, Alabama  35223
Telephone:  (205) 967-8822

**CERTIFICATE OF SERVICE**

I hereby certify that on the 7th day of July, 2009, a true and correct copy of the foregoing was served via the CM/ECF electronic filing system for the United States District Court for the Northern District of Alabama upon the following parties:

David Arendall
Allen D. Arnold
ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Floor
Birmingham, AL 35203
(205) 252-1550
(205) 252-1556 – Facsimile

s/ *Taffi S. Stewart*_____
OF COUNSEL