FILED
2010 Aug-04 PM 01:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT "1"

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TIFFANY ROWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO.: 2:09-cv-01198 |
| vs. | ) |
| | ) |
| LIFESOUTH COMMUNITY | ) |
| BLOOD CENTERS, INC. | ) |
| | ) |
| Defendant. | ) |

## ANSWERS TO FIRST SET OF INTERROGATORIES AND RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS FROM DEFENDANT TO OPT-IN PLAINTIFF LINDA KAY ANDERSON

Comes now the Opt-In Plaintiff, Linda Kay Anderson, and responds to the Defendant's First Interrogatories and Request for Production of Documents to Plaintiff ("discovery requests") as follows:

### GENERAL OBJECTIONS

1. Plaintiff objects to each discovery request to the extent that it may be interpreted to call for the production of documents or information which is privileged, including the attorney/client privilege and the "work product" privilege. The only documents which will not be produced for these reasons in response to Defendant's discovery requests are:

> i. Those documents which include correspondence or similar communications from plaintiff to his counsel, documents

       prepared at the request of counsel for the plaintiff for the purpose of this litigation, and correspondence and documents created by counsel for Plaintiff and sent to Plaintiff as a part of this litigation; and

    ii.    Documents obtained by Plaintiff's counsel from sources other than Plaintiff which constitute attorney work product.

2.    Responses and answers will be made by Plaintiff subject to, and without in any way waiving, or intending to waive any of the following:

    i.    The confidentiality of answers and/or documents produced;

    ii.    All questions as to competency, relevancy, materiality, privilege, and admissibility as evidence for any purpose of any of the documents referred to or answers given, or the subject matter thereof, in any subsequent proceeding in or at the trial of this action or any other action.

    iii.    The right to object to other discovery procedures involving or relating to the subject matter of the interrogatories herein responded to; and

    iv.    The right at any time to revise, correct, or clarify any of the responses set forth herein or documents produced or referred to herein.

3.    Plaintiff objects to each and every request to the extent that it seeks

information that is equally available to the Defendant and the burden on the Defendant to obtain the requested information is no greater than the burden on the Plaintiff.

4. Formal discovery has only just commenced in this civil action, and therefore, Plaintiff reserves the right to supplement his answers and responses to Defendant's discovery requests upon completion of discovery.

5. Plaintiff reserves all objections as to the admissibility at trial of any information provided.

6. Plaintiff objects to Defendant's discovery requests to the extent that the documents and/or information requested are not relevant to the issues in this case nor reasonably calculated to lead to the discovery of admissible evidence.

7. Plaintiff objects to Defendant's discovery requests to the extent that the documents and/or information requested are overly broad in scope. In particular, Plaintiff objects to the discovery requests or information unrelated to the relevant period of Plaintiff's employment with Defendant.

## ANSWERS TO INTERROGATORIES

1. State YOUR full name, home address and the LIFESOUTH branch or branches where YOU worked.

**RESPONSE:**

**Full Name:** Linda Kay Anderson

**Home Address:** 109 Carmichael Road, Interlachen, FL 32148

**LifeSouth Branches:** Palatka, Florida

2. For the entire time period during which YOU allege you did not receive the pay due from LIFESOUTH, IDENTIFY each and every position YOU held during YOUR employment with LIFESOUTH and the dates YOU held each position.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's claims or Defendant's affirmative defenses. Plaintiff objects to this Interrogatory as the information regarding Plaintiff's job title and dates of Plaintiff held each job title is already known to Defendant through its personnel records. Without waiving this objection, the relevant statutory period for this Plaintiff is February 23, 2007 through February 23, 2010.

3. IDENTIFY each and every person who acted as YOUR direct or immediate supervisor and the dates the person acted as YOUR supervisor.

**RESPONSE:** Plaintiff objects to this Interrogatory to the extent it seeks information not relevant to Plaintiff's claims or Defendant's affirmative defenses. Without waiving this objection, see the following: Julia Garcia (January 30, 2006-October 8, 2009); Crystal Simmons (January 30, 2006-October 8, 2009); Nancy Costner (February 1, 2008-October 8, 2009).

4. IDENTIFY by date each and every WEEK for which YOU allege YOU did not receive the pay due from LIFESOUTH and state the amount of pay YOU did not receive for each WEEK.

RESPONSE: Plaintiff objects to this Interrogatory as this information is equally available to the Defendant. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claim and every 15 minute deduction of compensable time that was not received by Plaintiff. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

5. For each and every WEEK YOU allege YOU did not receive the pay YOU were due, describe the circumstances which resulted in YOU not receiving full compensation for hours YOU worked.

RESPONSE: Plaintiff objects to this Interrogatory as this information is equally available to the Defendant. Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this

objection, Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claim and every 15 minute deduction of compensable time that was not received by Plaintiff. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

6. For each and every WEEK YOU allege YOU did not receive the pay due from LIFESOUTH, state the dates YOU took breaks when the breaks individually or combined were equal to or greater than fifteen minutes in a day.

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claim and every 15 minute deduction of compensable time that was not received by Plaintiff. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

7. For each week YOU allege you did not receive the pay due from LIFESOUTH, describe every time by date and length of duration YOU stopped

working during a scheduled shift for any non-work related activity, including, but not limited to, eating, smoking, sleeping, reading non-work related materials, attending to personal errands, shopping, surfing the internet, playing computer or phone games, emailing regarding non-work related subjects, texting and talking on the phone regarding any non-work related matter.

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Plaintiff refers Defendant to *Mitchell v. Turner*, 286 F.2d 104, 105 (5th Cir. 1960) stating that rest breaks are compensable even when the facts showed that employees used that break to play "checkers and poker, shot craps, purchased refreshments from a mobile wagon, listened to a preacher, and 'scuffled.' One employee shot rats in the field adjoining the plant." Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claims of this lawsuit and every 15 minute deduction of compensable time that was not received by Plaintiff. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

8. For the entire time period during which YOU allege you did not receive the pay due from LIFESOUTH, state whether YOU were ever assigned to

work at a collection center or drawing site other than on a bloodmobile, and if so, state the dates you worked at a collection center or drawing site?

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claim and every 15 minute deduction of compensable time that was not received by Plaintiff. Where Defendant assigned Plaintiff to work during a particular work week when the fifteen deductions occurred is not relevant information. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

9. For each WEEK YOU allege YOU did not receive the pay due from LIFESOUTH, IDENTIFY each and every person whom YOU believe can verify YOU were continuously engaged in work-related activities during YOUR entire shift with less than 15 minutes of overall break time.

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection,

Defendant's time and payroll records indicate Plaintiff's work weeks relevant to the FLSA claim and every 15 minute deduction of compensable time that was not received by Plaintiff. Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart attached herein.

10. If YOU contend you complained or notified any LIFESOUTH supervisor or manager of improper pay deductions or not being properly compensated in any way, describe each time YOU complained or provided notice, including the date, the manner of the complaint or notice and to whom YOU made the complaint or provided notice.

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Without waiving this objection, on or about June 2007, Plaintiff complained to Terri Hahn and the problem was corrected.

11. IDENTIFY by date each time YOU, for any reason, requested LIFESOUTH correct YOUR hours worked or paycheck, including, but not limited to, the use of Time Maintenance Request Forms and Requests for Payroll Correction Forms, and describe how YOU made the request?

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks

information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses. Without waiving this objection, yes. Plaintiff filled out Time Maintenance Request forms, but not for the automatically deducted breaks. All fifteen minute breaks were subject to interruption, and were interrupted, by donors.

12. If YOU are no longer employed by LIFESOUTH, state how YOUR employment ended including all reasons for YOUR resignation or termination.

**RESPONSE:** Plaintiff objects to this Interrogatory as it seeks information that is not relevant to Plaintiff's claim or Defendant's affirmative defenses.

13. IDENTIFY each DOCUMENT YOU have in your custody or control which in any way RELATES to YOUR claim LIFESOUTH failed to properly compensate YOU for all hours and overtime worked.

**RESPONSE:** Plaintiff objects to this Interrogatory as it is overly broad, unlimited in scope and not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Interrogatory to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart provided herein

## RESPONSE TO REQUESTS FOR PRODUCTION

1.  If YOU IDENTIFIED any DOCUMENTS in response to LIFESOUTH'S First Set of Interrogatories to Opt-In Plaintiffs, Interrogatory No. 13, produce all documents YOU IDENTIFIED.

**RESPONSE:** Plaintiff objects to this Request as it is overly broad, unlimited in scope and not calculated to lead to the discovery of admissible evidence. Plaintiff objects to this Request to the extent it seeks to invade the attorney/client and work product privileges. Without waiving this objection, Plaintiff will produce all payroll documents given by Defendant to Plaintiff that are in his or her possession, but otherwise correspond to the payroll records already in Defendant's possession. See damages chart and document provided herein.

_Linda K Anderson_
Linda Kay Anderson

ID Produced: FL DL A5 3653/598410

SWORN TO AND SUBSCRIBED BEFORE ME THIS THE 6th
DAY OF _____, 2010.

BECKY B. BARRS
Notary Public - State of Florida
My Commission Expires Jan 20, 2011
Commission # DD 598597
Bonded Through National Notary Assn.

_Becky B. Barrs_
Notary Public  Becky B. Barrs

_____
David R. Arendall
Allen D. Arnold
Counsel for Defendant

OF COUNSEL:

ARENDALL & ASSOCIATES
2018 Morris Avenue, Third Avenue
Birmingham, AL  35203
205.252.1550 – Office
2105.252.1556 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on the ___7-12-10___, a true and correct copy of the foregoing was served via facsimile and United States Mail upon the following party:

Taffi S. Stewart, Esq.
Lloyd, Gray & Whitehead, P.C.
2501 20th Place South, Suite 300
Birmingham, AL  35223
Phone:  (205) 967-8822
Fax:  (205) 967-2380

_____
OF COUNSEL