FILED

2010 Sep-01  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIFFANY ROWE, et al.,            }
                                 }
      Plaintiffs,                }
                                 }      CIVIL ACTION NO.
v.                               }      09-AR-1198-S
                                 }
LIFESOUTH COMMUNITY BLOOD        }
CENTERS, INC.,                   }
                                 }
      Defendant.                 }


## MEMORANDUM OPINION AND ORDER

On August 4, 2010, plaintiffs moved for leave to substitute a so-called Third Amended and Restated Complaint.  The motion is opposed, and was orally argued at this court's regular motion docket on August 13, 2010.  Although Rule 15(a)(2), F.R.Civ.P., admonishes courts to "freely give leave [to amend] when justice so requires", this is a unique case in which justice requires just the opposite.  Plaintiffs claim that their third complaint will narrow the scope of the inquiry.

The first named plaintiff, Tiffany Rowe, wants to dismiss one of her claims "without prejudice", so that she can file it in a separate action.  This is not a good reason for a dismissal without prejudice in a case that has been this long pending.  The other problem with the proposed substitute complaint is that the action has already been conditionally certified and putative class members notified of their potential claims.  The named plaintiffs should not be allowed to amend the complaint to add to or subtract claims

or to alter the class description after the putative class members have been notified and either opted in or opted out, that is, without new notices being sent.  For these reasons, plaintiffs' motion for leave to file a third amended complaint is DENIED.

The court is still hard at work on defendant's complex motion to compel answers to the interrogatories it served on 108 "opt-in" plaintiffs.  Defendant's motion asking for full answers by August 13, 2010, obviously cannot be granted, or partially granted, without an extension, which will be ordered when the court unravels the acrimonious discovery dispute.

DONE this 1st day of September, 2010.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE