```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ALABAMA
                        SOUTHERN DIVISION

TIFFANY ROWE, et al.,           }
                                }
     Plaintiffs,                }
                                }      CIVIL ACTION NO.
v.                              }      09-AR-1198-S
                                }
LIFESOUTH COMMUNITY BLOOD       }
CENTERS, INC.,                  }
                                }
     Defendant.                 }
```

**MEMORANDUM OPINION AND ORDER**

If this case proves anything, it is that FLSA collective actions, which seem to be the action de jour, are great vehicles for building lawyer-hours.

This particular action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* (2006), by the named plaintiff, Tiffany Rowe ("Rowe"), and one hundred seventeen (117) opt-in plaintiffs (collectively "plaintiffs"), who sue as allegedly similarly situated employees.  Before the court is the motion of defendant, LifeSouth Community Blood Centers, Inc. ("LifeSouth"), to compel plaintiffs to respond to its first set of interrogatories.  LifeSouth's motion will be granted in part and denied in part.  This means that some of plaintiffs' objections are well taken.

**I.   FACTS AND PROCEDURAL HISTORY**

The court's April 23, 2010, partial scheduling order permits

LifeSouth to serve interrogatories upon all opt-in plaintiffs, with each plaintiff required to respond within sixty (60) days. (Doc. 68.)  On May 6, 2010, LifeSouth served all plaintiffs with its first set of interrogatories.  If defendant's use of the word "first" implies that it plans to file a "second" set of interrogatories, it should not anticipate success.  On July 14, 2010, plaintiffs served LifeSouth with responses and objections from one hundred eight (108) of the opt-in plaintiffs. Plaintiffs object to Interrogatories Nos. 2, 5, 6, 7, 8, 9, and 12.  Fourteen (14) opt-in plaintiffs did not answer all interrogatories not objected to, stating that they will file supplements to their responses.  Thus far, there have been no such supplements.  After the parties were unsuccessful in ironing out their voluminous and vigorous differences, LifeSouth, on August 4, 2010, moved to compel. (Doc. 78.)

**II.  DISCUSSION**

Discovery is governed by Rules 33 and 26 of the Federal Rules of Civil Procedure.  Rule 33 governs interrogatories, and incorporates the scope definition set forth in Rule 26(b).  Rule 26(b)(1) provides a broad scope for discoverable information. However, Rule 26(b)(2)(C) describes circumstances in which the court **must** intervene by motion or *sua sponte*, namely, when any of the following occurs: i) the discovery sought is "unreasonably cumulative or duplicative, or can be obtained from some other

source that is more convenient, less burdensome, or less expensive;" ii) "the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or, iii) where "the burden or expense of the proposed discovery outweighs its likely benefit." F.R.Civ.P. 26(b)(2)(C)(i-iii).

The court finds that some of LifeSouth's interrogatories are permissible under Rule 26(b)(1), while others are objectionable. Each disputed interrogatory will be evaluated separately.

**A.   Interrogatories Within the Scope of Rule 26(b)**

The court finds that Interrogatory No. 2 is appropriate because it seeks relevant information that is reasonably calculated to lead to the discovery of admissible evidence and is not otherwise barred by the Rule 26(b) limitations:

**Interrogatory No. 2**

> For the entire time period during which YOU allege you did not receive the pay due from LIFESOUTH, IDENTIFY each and every position YOU held during YOUR employment with LIFESOUTH and the dates YOU held each position.

(Doc. 79, at 2.)

Under Rule 26(b)(1) F.R.Civ.P., discovery of any matter relevant to the subject matter involved in the action is allowed. While Interrogatory No. 2 seeks information that should be in LifeSouth's possession, it does not seek information that, as plaintiffs contend, is irrelevant. Indeed, **complete** responses to this interrogatory could reasonably lead to admissible evidence.

Plaintiffs will be ordered to respond fully.

**Interrogatory No. 12**

> If YOU are no longer employed by LIFESOUTH, state how YOUR employment ended including all reasons for YOUR resignation or termination.

(Doc. 79, at 6.)

Pursuant to Rule 26(b)(1), this information could reasonably lead to admissible evidence and is not unreasonably burdensome. Accordingly, it must be answered fully.

**B.   Interrogatories Due to be Limited by Rule 26(b)**

Each of the following interrogatories served by LifeSouth goes beyond the scope of discovery as defined in Rule 26(b), either because the interrogatory is not "reasonably calculated to lead to the discovery of admissible evidence," or because it is otherwise constricted by Rule 26(b)(2)(C).

**Interrogatory No. 4**

> IDENTIFY by date each and every WEEK for which YOU allege YOU did not receive the pay due from LIFESOUTH and state the amount of pay YOU did not receive for each WEEK.

(Doc. 79, at 3.)

Plaintiffs' objection to this interrogatory is that it seeks to invade the attorney-client and work product privileges. This objection is baffling, because the information sought is directly related to the action. The real objection is that plaintiffs have already sufficiently provided the requested information in the form of a comprehensive chart for each and every opt-in plaintiff. The

4

chart details each week, pay period, number of hours worked, amount of deductions alleged to violate the FLSA and additional information specific to each plaintiff, notwithstanding the fourteen (14) responses that remain incomplete.  Plaintiffs' current response is sufficient.  This does not mean to preclude the same subject of inquiry during defendant's deposition of a plaintiff.

**Interrogatory No. 5**

> For each and every WEEK YOU allege YOU did not receive the pay YOU were due, describe the circumstances which resulted in YOU not receiving full compensation for hours YOU worked.

(Doc. 79, at 3.)

Rule 26(b)(2)(C) requires the court to limit discovery when the discovery sought is cumulative or duplicative.  Interrogatory No. 5 seeks information regarding the circumstances surrounding the alleged FLSA violations for each opt-in plaintiff.  LifeSouth is, or should be, aware of the circumstances of each time a 15-minute pay deduction was entered for a plaintiff from its own records, including its policy of implementing the deduction from an employee's pay each time an employee works on a bloodmobile more than six (6) hours a day without clocking out.  LifeSouth cites case law from the Northern District of West Virginia, the District of Kansas, the Western District of New York, and the Western District of Tennessee in support of its contention that plaintiffs' responses are insufficient.  The cases cited by LifeSouth are

inapposite and, if they were apposite, they are not binding on this court. Interrogatory No. 5, as answered, is sufficient. To attempt to provide complete answers to this question by each separate plaintiff would constitute an unbearable burden, and would only invite further controversy. This is not meant to preclude similar questions during a deposition.

**Interrogatory No. 6**

> For each and every WEEK YOU allege YOU did not receive pay due from LIFESOUTH, state the dates YOU took breaks when the breaks individually or combined were equal to or greater than fifteen minutes in a day.

(Doc. 79, at 4.)

As noted in plaintiffs' sur-reply brief (Doc. 86), the Department of Labor has a specific regulation regarding the information sought from this interrogatory. 29 C.F.R. § 785.18, entitled "Rest Periods", states:

> Rest periods of short duration, running from 5 minutes to 20 minutes, are common in the industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

This interrogatory seeks information regarding breaks that, according to Department of Labor regulations, are compensable. Furthermore, Rule 26(b)(2)(C)(iii) requires the court to limit discovery if the burden of the proposed discovery outweighs its benefit. The information sought by this interrogatory would

6

provide little, if any, benefit and would place a heavy burden on plaintiffs.  The current response by plaintiffs is sufficient.

**Interrogatory No. 7**

> For each WEEK YOU allege you did not receive pay from LIFESOUTH, describe every time by date and length of duration YOU stopped working during a scheduled shift for any non-work related activity, including, but not limited to, eating, smoking, sleeping, reading non-work related materials, attending to personal errands, shopping, surfing the internet, playing computer or phone games, emailing regarding non-work related subjects, texting and talking on the phone regarding any non-work related matter.

(Doc. 79, at 4.)

LifeSouth seeks information regarding what plaintiffs' activities were when they were "engaged to wait".  "On Duty", is defined by 29 C.F.R. § 785.15, as follows:

> A stenographer who reads a book while waiting for dictation, a messenger who works a crossword puzzle while awaiting assignments, a fireman who plays checkers while waiting for alarms and a factory worker who talks to his fellow employees while waiting for machinery to be repaired are all working during their periods of inactivity. The rule also applies to employees who work away from the plant. For example, a repair man is working while he waits for his employer's customer to get the premises in readiness. The time is worktime even though the employee is allowed to leave the premises or the job site during suck periods of inactivity. The periods during which these occur are unpredictable. They are usually of short duration. In either event the employee is unable to use the time effectively for his own purposes. It belongs to and is controlled by the employer. In all of these cases waiting is an integral part of the job. The employee is engaged to wait.

Pursuant to this Department of Labor regulation, to which the court

must give deference, the information LifeSouth is seeking, if relevant, taxes plaintiffs' memories beyond human capacity. Plaintiffs' current answer is sufficient.  This does not preclude similar inquiry at depositions.

**Interrogatory No. 8**

> For the entire time period during which YOU allege you did not receive the pay due from LIFESOUTH, state whether YOU were ever assigned to work at a collection center or drawing site other than on a bloodmobile, and if so, state the dates you worked at a collection center or drawing site?

(Doc. 79, at 5.)

This interrogatory seeks information that is irrelevant to the alleged FLSA violations.  Plaintiffs' claims **only** relate to the automatic deduction that occurred for each employee when working on a **bloodmobile.**  Therefore, any information dealing with a collection center or drawing site other than a bloodmobile is irrelevant.

**Interrogatory No. 9**

> For each WEEK YOU allege YOU did not receive the pay due from LIFESOUTH, IDENTIFY each and every person whom YOU believe can verify YOU were continuously engaged in work-related activities during YOUR entire shift with less than 15 minutes of overall break time.

(Doc. 79, at 5.)

LifeSouth seeks the identity of persons who can verify that particular plaintiffs were engaged in work-related activities on particular occasions.  The same C.F.R. sections, 29 C.F.R.

§ 785.18 "Rest Periods", and 29 C.F.R. § 785.18, "On Duty", apply to this interrogatory. LifeSouth employees can sit on a bloodmobile all day without a single donor and be entitled to compensation for all such time if he or she is engaged to wait. **Plaintiffs' success in objecting to this interrogatory is DEEMED a waiver of the right of a plaintiff to call a third-party witness on this subject.**

C. Answers Due to be Supplemented

As noted, the fourteen (14) opt-in plaintiffs have failed to provide substantive responses to some interrogatories and state that their answers will be provided or supplemented at a later date. These missing fourteen (14) responses are due from the following opt-in plaintiffs: Marcus Bell, Robert Corey, Sharon Cottrill, Tammy Pride, Lucretia Johnson-Tate, April Renfro, Tabitha Seward, Cynthia Smith, Sherma Snell, Teresa Suddith, Tarmekra Swanson, Gwendolyn Williams, Dominique Wingate, and Nicole Wright. This court's April 23, 2010, partial scheduling order required **all** opt-in plaintiffs to submit responses within sixty (60) days. All plaintiffs, including the said fourteen (14) non-compliant opt-in plaintiffs, are hereby ORDERED to respond to the interrogatories allowed by the court in this opinion to the extent not previously answered, within twenty-one (21) calendar days, upon penalty of dismissal.

9

**D. Notarized Answers**

LifeSouth's motion contends that fifty-seven (57) unnotarized responses "impedes [its] ability to determine which employees it needs to depose and also prevents LifeSouth from questioning these opt-in plaintiffs about their interrogatory responses in depositions." (Doc. 79, at 17-18.) Unnotarized responses do not unduly prejudice LifeSouth. Such responses are typical in FLSA collective litigation. Any plaintiff who is deposed by defendant must have his response signed under penalty of perjury and be delivered to defendant at least three (3) days before his or her deposition is taken.

**E. Award of Costs and Attorney's Fees**

LifeSouth's motion also requests the court to award costs and attorney's fees associated with bringing the motion. Awarding costs associated with a motion to compel is governed by Rule 37(a)(3)(B), and is left to the court's discretion. Rule 37(a)(5)(C) allows the court to apportion the expenses associated with the motion. The issue of attorney's fees for the time spent on this discovery dispute will be deferred until final disposition.

**CONCLUSION**

Consistent with this opinion, LifeSouth's motion to compel is hereby **GRANTED** as to Interrogatories Nos. 2 and 12, and **DENIED** as to Interrogatories Nos. 4, 5, 6, 7, 8, and 9, as

to which plaintiffs' objections are SUSTAINED.  Plaintiffs are hereby **ORDERED** to provide discovery responses for all plaintiffs, **within twenty-one (21) calendar days.**

DONE this 10th day of September, 2010.

_____
 WILLIAM M. ACKER, JR.
 UNITED STATES DISTRICT JUDGE