```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION

TIFFANY ROWE, et al.,        }
                             }
     Plaintiffs,             }
                             }     CIVIL ACTION NO.
v.                           }     09-AR-1198-S
                             }
LIFESOUTH COMMUNITY BLOOD    }
CENTERS, INC.,               }
                             }
     Defendant.              }
```

**<u>MEMORANDUM OPINION</u>**

Before the court is the October 20, 2010 motion of defendant, LifeSouth Community Blood Centers, Inc. ("LifeSouth"), to dismiss the claims of opt-in plaintiffs Marcus Bell, Tammy Pride, Teresa Suddith, Gwendolyn Williams, and Dominique Wingate. Plaintiffs Tiffany Rowe, et al. ("plaintiffs"), responded in opposition to said motion on the same day. In plaintiffs' response, counsel requested that, "[s]hould this court dismiss any of the above named plaintiffs, the undersigned requests that this court dismiss Ms. Pride, Ms. Suddith, and Ms. Wingate without prejudice and allow them to be reinstated into the lawsuit should they inform counsel of their whereabouts." (Doc. 97.) LifeSouth's motion is well-taken and for the reasons that follow, will be granted and plaintiffs' request denied.

**I.  FACTS AND PROCEDURAL HISTORY**

The court's April 23, 2010, partial scheduling order permitted

1

LifeSouth to serve interrogatories upon all opt-in plaintiffs, with each plaintiff required to respond within sixty (60) days. (Doc. 68.)  A discovery dispute arose and LifeSouth filed a motion to compel plaintiffs to answer fully their interrogatories as well as initial answers for the opt-ins who had not provided responses at all. (Doc. 78.)  The court, on September 10, 2010, issued a memorandum opinion and order laying out with great specificity which interrogatories were to be answered. (Doc. 88.)  The court ordered the interrogatories to be answered in compliance with the memorandum opinion, including the opt-ins who had not provided any answers, to do so within twenty-one (21) calendar days "upon penalty of dismissal." (Doc. 88.)

**II.  DISCUSSION**

Despite generous leniency by the court, opt-in plaintiffs Marcus Bell, Tammy Pride, Teresa Suddith, Gwendolyn Williams, and Dominique Wingate remain uncooperative, failing to comply at all. Plaintiffs' counsel are aware that these opt-in plaintiffs will likely be dismissed, as acknowledged by emails exchanged between parties. (Doc. 96 exhibits.)  The only issue that must be considered, based on the submissions, is whether the court will dismiss three of the opt-ins--Tammy Pride, Teresa Suddith, and Dominique Wingate--**without** prejudice. (Doc. 97.)

Throughout plaintiffs' motion in opposition, counsel goes through the different attempts made to contact each non-compliant

2

opt-in plaintiff.  Almost all of the non-compliant opt-ins have failed either to answer emails/phones calls (Marcus Bell & Teresa Suddith), disconnected their phones (Marcus Bell, Tammy Pride, Teresa Suddith), or verbally stated that they no longer wish to participate in the action (Gwendolyn Williams). (Doc. 97.)  As for the remaining opt-in, Dominique Wingate, counsel is unsure if they have the correct Wingate and "the last known phone number dials, but then goes dead as opposed to disconnected of 'busy.'" (Doc. 97.)

In light of the problems already experienced, LifeSouth's motion to dismiss all of these opt-in plaintiffs will be granted and plaintiffs' motion denied by separate order.

DONE this 25th day of October, 2010.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE